

Phillips & Associates, Attorneys At Law, PLLC
30 Broad Street, 35th Floor
New York, NY, 10004
Tel: 212-248-7431
Fax: 212-901-2107

May 8, 2013

<u>Via ECF</u>
Hon. Judge E. Thomas Boyle
United States Magistrate Judge
United States District Court
Eastern District of New York
Central Islip, New York

Re:   **Kennedy v. Contract Pharmacal Corp. et. al.**
      **Case No.: 12-cv-2664 (JFB)(ETB)**

Dear Judge Boyle:

This office represents Plaintiff Kennedy in the above captioned lawsuit. I write in response to Defendants' letter dated April 30, 2013 seeking to compel disclosures to which Defendants are not entitled. Defendants' motion first seeks to compel responses to two (2) interrogatory requests which seek a detailed account of "all acts of discrimination and/or harassment" and "all acts of retaliation" for which Plaintiff is seeking redress in this actions. Plaintiff objected to these requests under FRCP § 26(b)(i) and (iii). Defendants also are requesting that this Court Order Plaintiff to provide a full copy of her Facebook account pursuant to their document demands 11, 12 and 13. Those demands were properly answered and Defendants have no basis to conclude otherwise, instead seeking to create a rule whereby social networking posts must be produced in every action, even if not relevant. Defendants' motion completely fails to establish entitlement to further responses to these demands.

**DEFENDANTS' INTERROGATORIES ARE OBJECTIONABLE**

Defendants' Interrogatory Number 9 and 10 request a recollection of every act which Plaintiff contends was discriminatory, hostile or retaliatory in nature along with what happened; the name, address and number of every witness to the conduct; when it occurred; where it occurred; the name, address and number of the person who perpetrated the acts; and whether the conduct was reported to the Defendants identifying the documents concerning the report; the date time and place of the report; and to whom the conduct was reported. If there was ever a set of objectionable requests, these two certainly fit the description because they are overly broad, unduly burdensome and answers would be much more easily obtainable by deposition.

"[T]he scope of discovery through interrogatories and requests for production of documents is limited only by relevance and burdensomeness." <u>EEOC v. Sterling Jewelers Inc.</u>, 2012 U.S. Dist. LEXIS 67220, *28 (W.D.N.Y. May 14, 2012) (quoting <u>EEOC v. University of Phoenix, Inc.</u>, 2007

U.S. Dist. LEXIS 34202, 2007 WL 1302578, *3 (D.N.M. 2007)). An interrogatory can be overly broad if it includes multiple, discrete inquiries. Bartnick v. CSX Transp., Inc., 2012 U.S. Dist. LEXIS 60047, *8 (N.D.N.Y Apr. 27, 2012) (citing Sec. Ins. Co. v. Trustmark Ins. Co., 2003 U.S. Dist. LEXIS 18196 (D. Conn. Mar. 7, 2003); Bujnicki v. Am. Paving and Excavating, Inc., 2004 U.S. Dist. LEXIS 8869, 2004 WL 1071736, at *9 (W.D.N.Y. Feb. 25, 2004)). If an interrogatory seeks information about multiple events then each event is a discrete request. Id.

Here, Defendants are seeking full, detailed descriptions of every event which could possibly support Plaintiff's claim for hostile work environment from the start of her employment on March 7, 2011 through her termination on May 26, 2011, a period of nearly three months wherein Plaintiff alleges she was harassed on a near daily basis. If forced to respond to this interrogatory the discrete parts could number in the hundreds, far exceeding the twenty-five (25) interrogatory limit. Further, these demands would require dozens of pages in order to include each instance, creating an undue burden on Plaintiff. Should Defendants have specific questions regarding the allegations in the Complaint then those questions could be asked. Similarly, if Plaintiff testifies about an incident about which Defendants require additional information, that would be a proper interrogatory. However, requesting every piece of information which possibly relates to Plaintiff's claims under a single interrogatory is objectionable and improper.

## PLAINTIFF SHOULD NOT BE REQUIRED TO DISLCOSE HER ENTIRE FACEBOOK PROFILE

Defendants' requests regarding Plaintiff's social networking activities are similarly objectionable. Document Request Number 11 seeks "All documents concerning, relating to, reflecting and/or regarding Plaintiff's utilization of social networking sites." While this request is extremely vague, it also is overly broad in that it is not limited to only relevant material. Requests 12 and 13 are limited to those posts which relate to "Plaintiff's expression of an emotional feeling while utilizing a social networking site" and relating to "Plaintiff's employment with Defendants." This office completed a full review of all of Plaintiff's social networking activities on her Facebook page and produced three pages, consisting of two messages which related to her employment and a single post, after her termination wherein she states that she was "happy" due to repairs being started on Plaintiff's home.

Plaintiff contends that given that we have certified that there are no other relevant posts, this inquiry is complete. As with all discovery it should be limited to what is relevant or likely to lead to relevant information, not simply everything Defendants desire to know or see about Plaintiff's personal life. Not all postings on social networking sites are necessarily relevant to an individual's claims. Rozell v. Ross-Holst 2006 WL 163143, *3 (S.D.N.Y. 2006). The key to the determination is relevance and, where as here, the Plaintiff does not utilize social networking other than to share photos of her children with family and rarely communicate any fact about her own life, the Court should find that Plaintiff's disclosures at this juncture are sufficient. Reid v. Ingerman Smith LLP, 2012 WL 6720752, *1-3 (S.D.N.Y. Dec. 27, 2012) (limiting disclosure to relevant excerpts of the plaintiff's Facebook profile).

Presently, there are several issues which have been brought to the Defendants' counsel's attention regarding their disclosures. While the parties are working diligently to reach a resolution to these matters, we request that any conference on the issues described herein be scheduled after we have reached either resolution or impasse such that we would not require an additional conference to address those matters.

Thank You for Your Honor's time and consideration of this matter.

Respectfully Submitted,

_____/s/Jesse C. Rose_____
Jesse C. Rose

Cc:     Kenneth A. Novikoff, Esq. (Via ECF)
        Scott Green, Esq. (Via ECF)