UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ALANNA M. KENNEDY,

                            Plaintiff(s),                  <u>ORDER</u>

            -against-                          CV 12-2664 (JFB) (ETB)

CONTRACT PHARMACAL CORP., and
MATTHEW WOLF,

                            Defendant(s).
-----------------------------------------------------------------X

       This is a Title VII action wherein the plaintiff, Alanna M. Kennedy, seeks damages arising from alleged acts of gender discrimination and hostile work environment, sexual harassment and retaliation against the defendant employer, Contract Pharmacal Corp. ("CPC"), and Matthew Wolf, the corporate defendant CEO.

       The defendants seek to compel responses to interrogatory requests numbers 9 and 10. Plaintiff objects on the ground that the interrogatories are narrative in nature and should be covered by a deposition and on the ground that the interrogatories exceed twenty-five, including discrete subparts. <u>See</u> Fed. R. Civ. P. 33(a)(1). I agree. The interrogatories, while sixteen in number, contain twenty-seven subparts and are therefore excessive in number. <u>See</u> <u>Cramer v. Fedco Aut. Components Co., Inc.</u>, No. 01-CV-0757E, 2004 U.S. Dist. LEXIS 13817, at *14 (W.D.N.Y. May 26, 2004) (denying plaintiffs' motion to compel responses to interrogatories where interrogatories, including subparts, exceeded twenty-five); <u>Riddle v. Liz Claiborne, Inc.</u>, No. 00 Civ. 1374, 2003 U.S. Dist. LEXIS 14378, at *3 (S.D.N.Y. Aug. 19, 2003) ("Fed. R. Civ. P. 33(a) limits the number of interrogatories available to each party to twenty-five, 'including all

discrete subparts.'").

In addition, the interrogatories basically seek narrative information that may more readily be developed at a deposition, e.g., "identify the nature of and describe the allegedly discriminatory and harassing conduct," persons present, dates and locations where discriminatory acts occurred and the circumstances relating to any reporting. See Interrogatory No. 10. Similar issues are raised solely addressed to any alleged retaliatory acts. See Interrogatory No. 10. These issues, narrative in nature, should be pursued at a deposition. See E*Trade Fin. Corp. v. Deutsche Bank, AG, No. 05 Civ. 902, 2006 U.S. Dist. LEXIS 82428, at *4 (S.D.N.Y. Nov. 10, 2006) ("To the extent that Plaintiffs seek long narrative explanations of underlying assumptions and methodologies, they have not shown that interrogatories are a more practical means of discovery than depositions."); Rivers v. Safesite Nat'l Bus. Records Mgmt. Corp., No. 94 Civ. 5323, 1995 U.S. Dist. LEXIS 12438, at *2 (S.D.N.Y. Aug. 24, 1995) (striking defendants' interrogatories because they "call[ed] for repeated detailed narratives of the events at issue in [the] case").

For the foregoing reasons, the motion to compel interrogatory responses is denied.

The defendants also seek to compel the following document demands: (1) "[a]ll documents concerning, relating to, reflecting and/or regarding Plaintiff's utilization of social networking sites," Document Request No. 11; (2) "[a]ll documents, including, but not limited to postings, concerning, relating to, reflecting and/or regarding Plaintiff's expression of an emotional feeling while utilizing a social networking site," Document Request No. 12; and (3) "[a]ll documents, including, but not limited to postings, concerning, relating to, reflecting and/or regarding Plaintiff's employment with Defendants while utilizing a social networking site,"

Document Request No. 13. Plaintiff objects on the ground that all of these requests are "vague, overly broad, and unduly burdensome." Id.

The objections are sustained. There is no specificity to the requests and no effort to limit these requests to any relevant acts alleged in this action. Lacking relevance and specificity, the requests are vague, overly broad and unduly burdensome. See Pegoraro v. Marrero, 281 F.R.D. 122, 133 (S.D.N.Y. Feb. 2, 2012) (sustaining vagueness objection where document request used phrase "acts involving the conduct of plaintiff"); Kelleher v. City of New York, No. CV-06-2702, 2007 U.S. Dist. LEXIS 1831, at *3 (E.D.N.Y. Jan. 10, 2007) (sustaining defendant's objections to document requests where "court fails to see the relevance of the requested information to the plaintiff's claims").

For the foregoing reasons, defendants' motion to compel is denied.

**SO ORDERED:**

Dated: Central Islip, New York
May 13, 2013

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge